IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY S. RATHEAL,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00969-DB-CMR<br><br>District Judge Dee Benson<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 42 U.S.C. § 636(b)(1)(B) (ECF 3). Before the court is Defendant United States of America's (Defendant or United States) Motion to Dismiss (ECF 8) (Motion) seeking dismissal of Plaintiff Rodney S. Ratheal's (Plaintiff) Complaint (ECF 1) for lack of subject matter jurisdiction. Having carefully considered the relevant filings, the undersigned RECOMMENDS that the court grant Defendant's Motion (ECF 8) and dismiss Plaintiff's claims without prejudice.

## I.   BACKGROUND

Plaintiff's claims arise from an investigation of Plaintiff and his company Premco Western, Inc. (Premco) by the Securities and Exchange Commission (SEC), which resulted in the SEC filing a civil action against him and Premco and following a settlement agreement, publishing a litigation release in December 2012. *See SEC v. Premco Western, Inc., et al.*, No. 2:12-cv-01120 (D. Utah) (*Premco*). On September 5, 2017, Plaintiff filed a complaint against the SEC, SEC attorney Lindsay McCarthy (McCarthy), the Salt Lake Tribune, and reporter Tom Harvey asserting claims under the Federal Tort Claims Act (FTCA) for negligence, misrepresentation, and defamation, arising from this investigation and litigation release. *See Ratheal v. McCarthy et al*, No. 2:17-cv-00997-DAK (D. Utah) (*Ratheal I*) (ECF 39). The SEC

filed a motion to dismiss for lack of subject matter jurisdiction, failure to exhaust administrative remedies, and improperly naming the SEC and McCarthy as defendants rather than the United States (*Ratheal I*, ECF 54). In his opposition, Plaintiff agreed to dismissal of his claims against the SEC and McCarthy without prejudice so that he could file his claims against the United States (*Id.*, ECF 55). Judge Kimball thereafter entered an order granting the SEC's motion and dismissing Plaintiff's claims against the SEC and McCarthy without prejudice for lack of subject matter jurisdiction (*Id.*, ECF 61).[1]

On December 6, 2019, Plaintiff filed a Complaint (ECF 1) in the instant action asserting claims against Defendant United States under the FTCA for negligence, misrepresentation, and abuse of process, again arising from the 2012 SEC investigation and litigation release. *See Ratheal v. USA*, No. 2:19-cv-00969-DB-CMR (D. Utah) (*Ratheal II*). On February 13, 2020, Defendant filed a Motion to Dismiss (ECF 8) arguing that Plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction, untimeliness, and issue preclusion. Plaintiff timely filed a Memorandum in Opposition (ECF 11), and Defendant then filed a Reply Memorandum (ECF 12). Without leave of court and after Defendant had filed a request to submit the Motion to Dismiss for decision (ECF 13), Plaintiff filed a "Response to New Objections" (ECF 14).[2]

---

[1] Defendant requests that the court take judicial notice of the proceedings in *Premco* and *Ratheal I*. The court finds that the proceedings in these cases directly relate to the case at hand and therefore grants this unopposed request. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." (citation and internal quotation marks omitted)).

[2] Plaintiff filed his "Response to New Objections" pursuant to Fed. R. Civ. 7 and DUCivR 7-1 (ECF 14 at 1). Although DUCivR 7-1(b)(1)(B) permits the filing of an evidentiary objection within seven days after service of a reply that proffers new evidence, the standard is not met here. Plaintiff repeatedly states that his Response to New Objections was filed in response to

## II. LEGAL STANDARDS

Defendant's Motion seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A challenge to subject matter jurisdiction may be either facial or factual. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1072 (10th Cir. 2004). Where, as here, the United States makes a facial challenge to subject matter jurisdiction, the court accepts the allegations of the Complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

As a sovereign, "[t]he United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection." *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015). "Unless the United States waives its sovereign immunity, thereby consenting to be sued, the federal courts lack jurisdiction to hear claims against it." *San Juan Cty., Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014). The FTCA waives sovereign immunity for "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). This waiver is limited by a number of statutory exceptions, including the discretionary-function exception at issue here. *See* 28 U.S.C. § 2680(a). "When an exception applies, sovereign immunity remains,

---

"new argument[s]" (ECF 14 at 1–2), and he does not identify any new evidence. In order to respond to new arguments in Defendant's Reply, Plaintiff was required to seek leave of court to file an additional response memorandum. *See* DUCivR 7-1(b)(2)(A) ("No additional memoranda will be considered without leave of court."). In light of Plaintiff's pro se status and the brevity of his Response, the court will nonetheless consider his Response to New Objections despite its procedural deficiencies.

and federal courts lack jurisdiction." *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017). "Because the discretionary function exception is jurisdictional, the burden is on [the plaintiff] to prove that it does not apply." *Hardscrabble Ranch, LLC v. United States*, 840 F.3d 1216, 1220 (10th Cir. 2016). If the plaintiff fails to meet his burden, "[t]he [discretionary function] exception applies even if the governmental employees were negligent." *Aragon v. United States*, 146 F.3d 819, 822 (10th Cir. 1998). The court will address the parties' arguments regarding the applicability of the discretionary-function exception in turn.

### III. DISCUSSION

#### A. Issue preclusion does not bar Plaintiff's claims.

Before turning to the issue of subject matter jurisdiction, the court briefly addresses issue preclusion. Defendant argues that the doctrine of issue preclusion bars Plaintiff's claims in the instant case in light of the court's dismissal of similar claims in *Ratheal I* for lack of subject matter jurisdiction (ECF 8 at 19). Plaintiff responds that the elements of issue preclusion are not met because of differences in the parties, claims, and issues (ECF 11 at 11). Issue preclusion applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Resources Ltd. Liability v. U.S. Dept. of Agr.*, 378 F.3d 1132, 1136 (2004) (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)). For instance, "dismissals for lack of jurisdiction 'preclude relitigation of the issues determined in ruling on the jurisdiction question.'" *Id.* (quoting *Matosantos Commercial Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001) (additional citations and quotations omitted)).

Here, the court is not persuaded that the elements of issue preclusion are met. Although the court agrees with Defendant that the first three elements appear to be met as to the issue of subject matter jurisdiction, the court is wary of the fourth element. The procedural history in *Ratheal I* suggests that Plaintiff did not have a full and fair opportunity to litigate the jurisdictional issue. While the SEC presented nearly identical jurisdictional arguments to those presented by the United States here, Plaintiff did not respond to the substance of the arguments in *Ratheal I*. Instead, Plaintiff essentially stipulated to the dismissal of his claims against the SEC and McCarthy without prejudice so that he could refile his lawsuit against the United States (*Ratheal I*, ECF 55). More significantly, Judge Kimball's order of dismissal did not address the merits of the parties' arguments regarding subject matter jurisdiction or provide a rationale for the decision (*Id.*, ECF 61). It is therefore unclear whether Judge Kimball granted the SEC's motion on the basis of the arguments of the parties or due to Plaintiff's stipulation to dismiss. For these reasons, the court finds that the issue of subject matter jurisdiction was not fully and fairly litigated in *Ratheal I*. Accordingly, the court finds that Plaintiff's claims are not barred by issue preclusion and will proceed to address the parties' arguments regarding subject matter jurisdiction.

## B.     The court lacks subject matter jurisdiction over Plaintiff's claims.

Defendant argues that the discretionary-function exception to the FTCA bars Plaintiff's claims (ECF 8 at 10). The discretionary-function exception provides that the United States may not be held liable for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The applicability of this exception "depends on the nature of the agency's conduct" as evaluated

under a two-part test. *Garling*, 489 F.3d at 1295. First, the court will "determine whether the conduct was discretionary—whether it was 'a matter of judgment or choice for the acting employee.'" *Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Second, the court will determine whether the challenged conduct "required the 'exercise of judgment based on considerations of public policy.'" *Id.* (quoting *Berkovitz*, 486 U.S. at 536). When both parts of the tests are met, "the governmental conduct is protected as a discretionary function, and sovereign immunity bars a claim that involves such conduct." *Id.*

1. <u>The SEC's investigation of Plaintiff was discretionary.</u>

Defendant argues that the first part of the discretionary-function test is satisfied because although Plaintiff's claims focus on the SEC's investigative techniques, the challenged conduct in this case is the SEC's discretionary decision to investigate Plaintiff (ECF 8 at 12). Defendant notes that no statute, regulation, or mandatory directive prescribed the SEC's decision to investigate. Defendant also points to the Securities and Exchange Act (the Exchange Act), which grants the SEC broad discretion to investigate: "The Commission may, *in its discretion*, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter, [or] the rules or regulations thereunder." *See* 15 U.S.C. § 78u(a)(1) (emphasis added). This investigational authority also includes broad discretion to publish information: "The Commission is authorized *in its discretion*, to publish information concerning any such violations[.]" *See id.* (emphasis added).

In response, Plaintiff concedes the SEC's discretion to investigate, but argues that "the discretionary function exception does not bar [his] claim[s] in this case because the alleged acts and omissions occurred at the implementation level, not the design/policy-making level" (ECF 11 at 2). Indeed, Plaintiff's negligence, misrepresentation, and abuse of process claims are based

6

on allegations that employees of the United States "breached their respective duties to properly and fairly implement SEC investigative, settlement, and enforcement processes and procedures . . ." (ECF 1, ¶ 30). Plaintiff further alleges that Defendant's employees breached "the duty to accurately inform the public; protect the U.S. economy, investors and business; and enforce No Admit No Deny policy and Dodd-Frank whistleblower law" (ECF 1 at 7).

To support this theory of liability, Plaintiff relies on a Ninth Circuit case entitled, *Whisnant v. U.S.*, 400 F.3d 1177 (9th Cir. 2005), in which the plaintiff brought an FTCA claim for negligence based on his exposure to toxic mold at a naval-base commissary. In *Whisnant*, the court held that the discretionary-function exception did not apply because the plaintiff "alleged negligence in the implementation, rather than the design, of government safety regulations, and the governmental decisions [the plaintiff] claim[ed] were negligent concerned technical and professional judgments about safety rather than broad questions of social, economic, or political policy." *Id.* at 1185.

The court agrees with Defendant that the *Whisnant* case is inapposite, not only factually, but also, in the nature of the challenged conduct. As Defendant correctly notes, the *Whisnant* case is distinguishable first because it does not involve the SEC or a government agency investigation, and second because it involves the breach of a prescribed duty to maintain safe and healthy premises not present here. Plaintiff has not identified any such prescribed duty applicable to investigations by the SEC. The various duties referenced by Plaintiff are unsupported by any specific statute, regulation, or policy that explicitly governs the SEC or prescribes its investigations. Plaintiff's vague, conclusory allegations referencing unspecified "duties to fairly and properly implement SEC investigative . . . processes and procedures" (ECF 1, ¶ 30), are also insufficient to meet his burden.

The Tenth Circuit makes clear that where there are no "statutes, regulations, or policies prescribing a specific course of action for [agency] employees to follow in investigating potential . . . violations," the first part of the discretionary-function exception is satisfied. *See Garling*, 849 F.3d at 1296; *see also United States v. Gaubert*, 499 U.S. 315, 322 (1991) ("The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow[.]" (citation omitted)). Even the Ninth Circuit has acknowledged that "[the] discretionary function protects agency decisions concerning the *scope and manner* in which it conducts an investigation so long as the agency does not violate a mandatory directive." *See Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000) (emphasis added). In light of the broad discretionary authority delegated to the SEC in making investigations and Plaintiff's failure to identify any specific statute, regulation, policy, duty, or directive prescribing SEC investigations, the court finds that the first part of the discretionary-function test is satisfied.

        2.      <u>The SEC's investigation was based on public policy considerations.</u>

Defendant argues that the second part of the discretionary-function is also met because of a presumption that the SEC's decision to investigate was grounded in policy (ECF 8 at 13). In response, Plaintiff does not address public policy considerations by the SEC, other than to note that "the legislative intent of [the] FTCA [is] to compensate citizens damaged by wrongful acts of U.S. employees, in relation to the U.S. sovereign immunity discretionary function exception" (ECF 11 at 4–5). However, the legislative intent of the discretionary-function exception was to shield agencies like the SEC from suits based on the exercise of its discretionary authority. *See United States v. Varig Airlines*, 467 U.S. 797, 808 (1984) (noting that the discretionary-function exception was "designed to preclude application of the [FTCA] to a claim based upon an alleged

abuse of discretionary authority by a regulatory or licensing agency—for example, . . . the Securities and Exchange Commission[.]" (citing H.R. Rep. No. 77-2245, at 10) (1942))).

Consistent with this intent, "[w]hen established governmental policy, as express or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324; *see also Baer v. United States*, 722 F.3d 168, 175 (3d Cir. 2013) ("[B]ecause SEC regulations afford examiners discretion regarding the timing, manner, and scope of investigations, there is a strong presumption that the SEC's conduct is susceptible to policy analysis."). The court agrees with Defendant that where, as here, there is a statute allowing the SEC to exercise discretion in making investigations, *see* 15 U.S.C. § 78u(a)(1), the court must presume that the SEC's investigation in this case was grounded in policy considerations. The court therefore concludes that the second part of the discretionary-function test is met.

In summary, because both parts of the discretionary-function test are met, the court concludes that sovereign immunity bars Plaintiff's claims. The undersigned therefore RECOMMENDS that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction.[3]

### RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF 8) be GRANTED and that Plaintiff's claims be dismissed without prejudice.

---

[3] In light of the recommendation that Plaintiff's claims be dismissed for lack of subject matter jurisdiction on the basis of the discretionary-function exception, the court does not reach Defendant's alternate grounds for dismissal.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14 August 2020.

Cecilia M. Romero
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah