# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RODNEY S. RATHEAL,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **MEMORAMDUM DECISION & ORDER OVERRULING OBJECTION AND ADOPTIONG REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-000969-DB-CMR<br><br>Judge Dee Benson |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Cecilia M. Romero on August 14, 2020, recommending that the court grant Defendant's Motion and dismiss Plaintiff's claims without prejudice. (Dkt. 19.)

The parties were notified of their right to file objections to the Report and Recommendation within 14 days after receiving it. On August 26, 2020, Plaintiff filed his "Objections to Magistrate's Report and Recommendations." (Dkt. 20.) Because Plaintiff has objected, the court reviews the Report and Recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] is not to give any special weight to the [prior] determination . . . ." The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.

*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)). Having considered the record in this case, the magistrate judge's Report and Recommendation, and Plaintiff's Objection, the court enters the following Memorandum Decision and Order.

## BACKGROUND

For purposes of this Order, the relevant background facts are as follows. On December 10, 2012, following the SEC's investigation of Ratheal and Premco Western, Inc. ("Premco"), the Commission filed a settled civil action against Ratheal and Premco. *See SEC v. Premco Western, Inc., et al.*, No. 2:12-cv-01120 (D. Utah) (*Premco*). On December 11, 2012, in accordance with its standard practice, the Commission published on its website a five-paragraph litigation release. SEC Litig. Release No. 22566 (Dec. 11, 2012).[1] The release summarized allegations in the *SEC v. Premco* complaint, as well as the injunctive relief and damages that were agreed upon. *Id.* In April 2017, Plaintiff discovered "2016 whistleblower postings online" where the SEC had listed him as a basis for rewarding whistleblowers. (Dkt. 1 at 4.) The posting included a copy of the SEC Litigation Release and a link to the original SEC Complaint against Plaintiff. (Dkt. 1 at 36.)

On September 5, 2017, Plaintiff filed a complaint against the SEC asserting claims under the Federal Tort Claims Act (FTCA) for negligence, misrepresentation, and defamation, arising from the 2012 SEC investigation and subsequent litigation release. *See Ratheal v. McCarthy et al.*, No. 2:17-cv-00997-DAK (D. Utah) (*Ratheal I*). Later, SEC filed a Motion to Dismiss and Judge Kimball granted the motion, dismissing the claims against the SEC without prejudice for lack of subject matter jurisdiction. (*Ratheal I*, Dkt. 54, 61.)

On December 6, 2019, Plaintiff filed a Complaint (Dkt. 1) in the instant action asserting claims against Defendant United States under the FTCA for negligence, misrepresentation, and abuse of process, predominantly arising from the same 2012 SEC investigation and litigation

---

[1] The SEC regularly posts litigation releases on its website, describing, among other things, charges filed and settlements obtained by the Commission. During the month of December 2012, the SEC posted 27 litigation releases, including the release in this case. *See* https://www.sec.gov/litreleases/litrelarchive2012.shtml.

release. *See Ratheal v. USA*, No. 2:19-cv-00969-DB-CMR (D. Utah) (*Ratheal II*). On February 13, 2020, Defendant filed a Motion to Dismiss arguing that Plaintiff's claims were subject to dismissal for lack of subject matter jurisdiction, untimeliness, and issue preclusion. (Dkt. 8.) Plaintiff timely filed a Memorandum in Opposition. (Dkt. 11.) On August 14, 2020, Magistrate Judge Romero issued a Report and Recommendation, recommending that the court grant Defendant's Motion, dismissing Plaintiff's claims without prejudice for lack of subject matter jurisdiction. (Dkt. 19.) On August 26, 2020, Plaintiff filed Objections to Magistrate's Report and Recommendations. (Dkt. 20.)

The court has conducted a thorough review of all relevant materials, including the magistrate judge's Report and Recommendation, Plaintiff's Objection to the Report and Recommendation, as well as the background history and record in this case. Having done so, the court agrees with the analysis and conclusions of the magistrate judge that sovereign immunity bars Plaintiff's claims because all three claims involve investigations which meet the discretionary-function exception. Thus, Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

## DISCUSSION

Plaintiff makes four objections to the Report and Recommendation. (Dkt. 20.) In his first objection, Plaintiff argues that the magistrate judge was operating under a mistaken assumption that the only challenged conduct in the complaint was the SEC's investigation. (Dkt. 20 at 2.) Plaintiff asserts that he also challenged the SEC's decision "to breach their respective duties to properly and fairly implement investigative, settlement, and enforcement processes and procedures" (Dkt. 20 at 2-3.) and the 2016 SEC "act of posting fraudulent online Whistleblower notices and documents falsely listing the Plaintiff under fraud." (Dkt. 20 at 4.) However, the

whistleblower notice in this case refers back to the results of the 2012 investigation.[2] (Dkt. 1 at 25, 36.) At its foundation, Plaintiff's complaint challenges the SEC's investigation and their actions resulting from that investigation. All three claims, including Plaintiff's abuse of process claim, primarily involve actions arising from the SEC's investigation in 2012. (Dkt. 1.)

Plaintiff's second objection challenges the magistrate judge's finding that Plaintiff's claims are barred by the discretionary-function exception. (Dkt. 20 at 3-5.) Specifically, Plaintiff asserts that, because the court mistakenly assumed Plaintiff was only challenging the SEC's investigation, the court overlooked certain non-investigative actions which would have failed to meet the two-part test under the exception. (Dkt. 20 at 3.) However, as stated above, all three of Plaintiff's claims arose from the SEC investigation of Plaintiff. Thus, the applicable test as to all three claims is whether (1) SEC's investigation, including the subsequent whistleblower posting, was discretionary, meaning it was "a matter of judgment or choice for the acting employee," and (2) such conduct required the "exercise of judgment based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

Here, Plaintiff's second objection is unfounded as both prongs of the discretionary-function test have been met. As to the first prong, Plaintiff has not identified any prescribed duty applicable to investigations, nor has he supported any of his allegations with any specific statute, regulation, or policy that governs SEC investigation procedures. Where no "statutes, regulations, or policies prescribing a specific course of action for [agency] employees to follow in investigating potential . . . violations," the first prong of the discretionary-function test is satisfied. *See Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1296 (10th Cir. 2017). As to the second prong, 15 U.S.C. § 78u(a)(1) allows the SEC to exercise discretion in

---

[2] Regardless of the fact that the whistleblower notice in this case refers to the 2012 SEC investigation, whistleblower notices like the one here are posted to incentivize the public to come forward and help aid in SEC investigations. Thus, posting these notices should be considered a part of the investigation process.

making investigations, and "[w]hen established governmental policy, as express or implied by statute . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert*, 499 U.S. 315, 324 (1991). Thus, both prongs of the discretionary-function test are met.

Plaintiff's third objection states that the discretionary-function exception does not bar his claims because the alleged actions occurred at the implementation level, not the design/policy-making level. (Dkt. 20 at 5-7.) Plaintiff relies on a Ninth Circuit case, *Whisnant v. U.S.*, 400 F.3d 1177 (9th Cir. 2005). However, as stated by the magistrate judge, *Whisnant* does not involve a government agency investigation, but rather a breach of a prescribed duty to inspect and maintain safe and healthy premises. *See id.* at 1182-83. As the Ninth Circuit explained, "'[t]he decision to adopt safety precautions may be based in policy considerations, but the implementation of those precautions . . . cannot be shortchanged in the name of policy.'" *Id.* at 1182 (quoting *Bear Medicine v. United States ex rel. Sec'y of the Dep't of the Interior*, 241 F.3d 1208, 1213 (9th Cir. 2001). This case is clearly different from *Whisnant*. Here, the challenged conduct is not safety procedures but investigation procedures. Thus, the design/implementation distinction does not apply.

Plaintiff's final objection argues that sovereign immunity does not bar his abuse of process claim because the law enforcement proviso under 28 U.S.C. § 2680(h) applies. (Dkt. 20 at 7-9.) Under § 2680(h), the United States waives its sovereign immunity for "acts or omissions" of federal "law enforcement officers" arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, and abuse of process. *Id*. To determine whether a claim of abuse of process falls within the law enforcement proviso, "we look to the substance of their claims and not how they labeled them in their complaint." *Garling*, 849 F.3d at

1298. In addition, courts are generally wary of plaintiffs "recast[ing] a negligence tort as an intentional tort to take advantage of the law enforcement exception to § 2680(h)." *Milligan v. United States*, 670 F.3d 686, 696 (6th Cir. 2012); *see also Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir. 1976); *Johnson v. United States*, 547 F.2d 688, 691-92 (D.C. Cir. 1976).

Here, Plaintiff's claim does not fit into the law enforcement proviso. Instead, Plaintiff's complaint attempts to bring intentional tort claims without alleging intentional tort facts. As to the abuse of process claim, Plaintiff contends that SEC agents "abused process stating the act of posting fraudulent online Whistleblower notices and documents falsely listing the Plaintiff under fraud." (Dkt. 11 at 6.) However, the complaint never alleges facts showing that the SEC had the required "ulterior purpose" for an abuse of process claim in Utah. *See Hatch v. Davis*, 2004 UT App 378, ¶ 34, 102 P.3d 774, 782, aff'd, 2006 UT 44, ¶ 34, 147 P.3d 383. Instead, Plaintiff's complaint attempts to cast his prior defamation claim made in *Ratheal I* as an abuse of process claim using the same facts involving the 2012 SEC's investigation and subsequent litigation release. If this truly is not a defamation claim, at best, the alleged facts amount to negligence or recklessness, claims which are precluded by the discretionary-function exception.

In conclusion, the court finds that Plaintiff's Objection fails to provide any legitimate basis for challenging the reasoning and recommendation of the magistrate judge. Considering the substance of the allegations, the court agrees with the magistrate judge that the court lacks jurisdiction over Plaintiff's claims.

## **CONCLUSION**

Having reviewed all relevant materials, including Plaintiff's *pro se* objection, the record that was before the magistrate judge, and the reasoning set forth in the magistrate judge's Report and Recommendation, the court agrees with the analysis and conclusion of the magistrate judge.

Accordingly, the court ADOPTS the Report and Recommendation and issues the following Order. Defendant's Motion to Dismiss is GRANTED.

Entered this 14th day of September, 2020.

BY THE COURT

_____
Honorable Dee Benson
U.S. District Court Judge